IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RAHN : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| SUPERINTENDENT TENNIS, et al., : | No. 07-cv-3558 |
| : | |
| Defendants : | |

**MEMORANDUM**

**Baylson, J.**                                                                                         June 23, 2008

**I.      Introduction**

Presently before this Court is a pro se Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, filed by Mr. David Rahn (hereinafter "Petitioner," "Mr. Rahn"). United States Magistrate Judge Peter B. Scuderi issued a Report and Recommendation ("R&R") on December 21, 2007, recommending that the petition be denied and dismissed. Petitioner filed objections to the R&R on March 5, 2008. Upon independent and thorough review, and for the reasons which follow, this Court adopts Magistrate Judge Scuderi's R&R and denies Petitioner's Objections.

**II.     Background and Procedural History**

According to the record before the Court, on October 23, 2001, Mr. Rahn pled guilty to burglary and aggravated indecent assault before Judge Joseph Cronin of the Court of Common Pleas of Delaware County. On the same day, Mr. Rahn was sentenced to a term of five and one-half to eleven years imprisonment, with three years of probation to follow, and he did not file a direct appeal.

Petitioner then waited until March 25, 2005[1] to file a pro se petition for post collateral relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). 42 Pa. Cons. Stat. Ann. § 9545 et seq. (2002). Subsequently, counsel appointed to represent Mr. Rahn filed an amended PCRA petition, asserting that Mr. Rahn was prevented from filing a PCRA petition because of government interference while incarcerated. On September 6, 2006, the state trial judge in the Court of Common Pleas conducted an evidentiary hearing on Mr. Rahn's amended PCRA Petition. PCRA Opinion, at 1 (Del. Co. CCP June 30, 2006); (App. D of Respt's Answer). The evidentiary hearing was limited to the jurisdictional issue of whether government interference prevented Mr. Rahn from filing the PCRA petition within the one-year time period required under 42 Pa. Cons. Stat. Ann. § 9545(b). Id. at 2. According to the Respondent's Answer, the PCRA court heard Petitioner's testimony and the testimony of Mr. Davy, the educational principal at Rockview State Correctional Institution. (Resp't Answer 7). However, the state judge summarized the Petitioner's testimony in the PCRA Opinion, but did not mention Mr. Davy's testimony. The actual transcript of the hearing is not in the record. See PCRA Opinion, at 3 (Del. Co. CCP June 30, 2006); (Respt's Answer 7).

Following the evidentiary hearing, on September 12, 2005, the Court of Common Pleas dismissed Mr. Rahn's PCRA petition as untimely. PCRA Opinion (Del. Co. CCP June 30, 2006). Petitioner then filed an appeal. The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on July 17, 2007. Commonwealth v Rahn, No. 2846 EDA 2005 (Pa. Super. July 17, 2007). (App. G of Respt's Answer).

---

[1] State collateral actions must be filed within one year of the date a conviction becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

On August 2, 2005,[2] Mr. Rahn filed the instant petition for a Federal Writ of Habeas Corpus (Doc. No. 1), claiming: 1) his case qualified for equitable tolling because inadequate tools at the law library denied Petitioner's access to the courts; 2) the one-year time limit for filing a PCRA petition (under 42 Pa. Cons. Stat. Ann. § 9545(b)(1)) violates the Suspension Clause of the U.S. Constitution;[3] 3) plea counsel was ineffective for failure to withdraw his plea due to defective colloquy; 4) plea counsel was ineffective for inducing his guilty plea with "false promises;" and 5) the trial court violated the Sixth Amendment by finding facts regarding Megan's Law registration.  The government responded to Mr. Rahn's petition (Doc. No. 4).  The Magistrate Judge filed his R&R (Doc. No. 7) on December 21, 2007, and Petitioner filed timely Objections to the R&R on March 5, 2008 (Doc. No. 11).

### III. Parties' Contentions

#### A. Summary of Magistrate Judge's Report and Recommendation

Magistrate Judge Scuderi recommended that this Court deny federal habeas relief to Petitioner because the petition is time-barred under AEDPA.

Section § 2244(d) of AEDPA provides in relevant part:

> (1) a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) The time during which a **properly filed application** for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added)

---

[2] As explained below, the one-year federal statute of limitations to file a federal habeas petition had already expired by November 2002, because no state PCRA petition had been filed.  Since no state petition was timely filed within one year of the date the conviction became final, the federal one-year time limit to file a federal habeas petition does not toll.  See 28 U.S.C. § 2244(d), quoted in full on p. 3, infra.
[3] The Suspension Clause states, "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of rebellion of Invasion the public Safety may require it."  See U.S. Const. art. I § 9 cl. 2.

The R&R concluded that the instant federal habeas petition is untimely. A judgment becomes final by "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Swartz v Meyers, 204 F.3d 417, 419 (3d Cir. 2000). The R&R found that Mr. Rahn's conviction became final on November 22, 2001, when he did not make a direct appeal to the Pennsylvania Superior Court thirty days after his sentencing. Petitioner had one year (until November 22, 2002) to file a timely habeas petition, but, Mr. Rahn did not file the habeas petition until four years later, in August 2007.[4]

Moreover, the R&R found that equitable tolling does not apply to the instant petition. Ordinarily, a petition for habeas corpus cannot be considered if it is not filed within the time limits set forth under 28 U.S.C. § 2244(d)(1). However, a petitioner may avoid its requirements through the application of equitable tolling, which allows for exceptions to the statute of limitations. Miller v New Jersey, 145 F.3d 616, 618 (3d Cir. 1998). Nevertheless, equitable tolling should only be applied in limited circumstances, such as where "the petitioner has 'in some extraordinary way …been prevented from asserting his or her rights.'"[5] Id., (quoting Oshiver v Levin, Fishbein, Sedran, Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). In addition, the petitioner must show that he or she "exercised reasonable diligence in investigating and bringing the claims," but an extraordinary circumstance prevented timely filing of the petition. Miller at 618-619; Satterfield v Johnson, 434 F.3d 185, 195 (3d Cir. 2006).

With regard to Petitioner's claims of timeliness and that equitable tolling should apply,

---

[4] Mr. Rahn filed a state PCRA petition in March 2005 that the Pennsylvania Superior Court deemed untimely. Under 28 U.S.C. § 2244(d)(2), if a "properly filed" state petition is pending in state court, the federal one-year time limit for a habeas petition may toll. However, since Mr. Rahn's PCRA petition was untimely, and not "properly filed," the state petition would not toll the federal statute of limitations. In fact, the PCRA petition was not filed until *after* the federal time limit had already expired.

[5] The Third Circuit has delineated three circumstances in which equitable tolling may be appropriate: (1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented form asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum. Jones v Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).

the Magistrate Judge concluded that equitable tolling does not apply in this case. Judge Scuderi found that Mr. Rahn's allegations of inadequate access to the law library do not constitute an extraordinary circumstance to apply equitable tolling. The Magistrate Judge pointed out that Petitioner had access to the library every day, and "inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling." Fahy v Horn, 240 F.3d 239, 244 (3d Cir. 2001). Also, the R&R concluded that Petitioner did not show evidence that he exercised due diligence to pursue state and federal collateral relief.

Moreover, the Magistrate Judge found no merit in Petitioner's claim that the PCRA time limitation violates the Suspension Clause and qualifies this case for equitable tolling. The R&R found that Petitioner was not unjustly barred from filing a federal habeas petition because of the PCRA one-year time limit. Judge Scuderi pointed out that equitable tolling does not apply since the federal statute of limitations had expired *before* Mr. Rahn had even filed the state PCRA petition. Therefore, the state court's dismissal of the untimely PCRA petition is irrelevant to whether Mr. Rahn was deprived of a period of statutory tolling under § 2244(d)(2).

Therefore, Magistrate Judge Scuderi recommended dismissal of the habeas petition, finding that the petition is statutorily time-barred and that equitable tolling does not apply since there is no extraordinary circumstance and Mr. Rahn did not show diligence in filing his petition.

### B. Petitioner's Objections

Petitioner filed Objections to the R&R on March 5, 2008 (Doc. No. 11). Mr. Rahn has three principal objections as follows:

First, Petitioner objects to the state court's dismissal of the untimely PCRA petition and objects to Judge Scuderi's finding that equitable tolling does not apply. Mr. Rahn alleges that the PCRA petition was timely because inadequate tools and assistance in the law library were

state interferences that prevented him from filing a PCRA petition.  Petitioner objects to the state court's summary of evidentiary hearing testimony (quoted in the R&R), and contends he had testified that there were no PCRA forms or habeas forms available in the law library and that he did not learn of time limits to AEDPA until he found a "scribe" to show him the material. Moreover, Petitioner argues that his case qualifies for equitable tolling because the federal one-year time limit unjustly barred him from filing a habeas petition in violation of the Suspension Clause of the U.S. Constitution.[6]  Also, Mr. Rahn asserts that equitable tolling applies because he has shown due diligence in pursuing post-collateral relief while exhausting state remedies.

Second, in his objection about the law library, Petitioner contends that the Magistrate Judge incorrectly agreed with the state court's ruling that the law library provided adequate access to the courts.  Petitioner asserts he was barred from filing a timely petition because of inadequate tools and assistance in the law library and the prison's policy against obtaining a "scribe."  Mr. Rahn requests this Court grant habeas relief because the state court's finding is "contrary to" and an "unreasonable application" of federal law.  (Petr.'s Objections 2).

Third, Petitioner objects to withholding Mr. Davy's testimony from state and federal proceedings.  As noted above, although Respondent agrees Mr. Davy testified during the evidentiary hearing before the PCRA court, the PCRA court summarized only Petitioner's testimony, and the official transcript of Mr. Davy's testimony was not included in the record. Mr. Rahn contends that the "only reason the state prevailed" in this case is because it withheld Mr. Davy's testimony from appellate review and review by the Magistrate Judge.  (Petr.'s

---

[6] In his Objections, although Mr. Rahn refers to the one-year statute of limitations to file a state PCRA petition, rather than the federal one-year time limit for a habeas petition, he puts forward a general equitable tolling argument to support his claim for habeas relief.  Because this Court must construe pro se pleadings liberally, the undersigned will consider Petitioner's objections as an argument for equitably tolling the federal time limits for filing a habeas petition.  See Haines v. Kerner, 404 U.S. 519 (1972) (ruling that allegations of pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).

Objections 2). Mr. Rahn requests that this Court investigate the state court's factual findings because the state "intentionally deleted Mr. Davy's testimony from official record." (Petr.'s Objections 3).

## IV. Legal Analysis

### A. Standard of Review

In ruling on objections to the R&R, this Court reviews de novo only "those portions" of the R&R "to which objection is made." 28 U.S.C. § 636(b)(1). See also Fed.R.Civ.Pro. 72.

#### 1. Claims properly raised in state court

Under AEDPA, a federal court may grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings only if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

A state decision is "contrary to" clearly established federal law if the state court "arrives at an opposite decision to that reached by the Supreme Court on a question of law" or arrives at an opposite result when confronting facts that are "materially indistinguishable from a relevant Supreme Court precedent." Williams v. Taylor, 529 U.S. 362, 405 (2000). In addition, a state adjudication is an "unreasonable application" of federal law if the court correctly uses governing legal principles of the Supreme Court but "unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2000).

In this Court's analysis of habeas petitions, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has the

burden to rebut this presumption of correctness by clear and convincing evidence.  Id. Therefore, with respect to claims adjudicated on the merits in state court, AEDPA requires a deferential standard of review of the state court's ruling.

### 2. Procedurally Defaulted Claims

If the state court did not consider or adjudicate a claim because the prisoner did not raise it, it is considered procedurally defaulted and a federal court may not review the claim.  See U.S.C. § 2254(b)(1)(A).  A federal court may only consider the claim if the petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the procedural default. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

### B. Discussion

### 1. This Court overrules Petitioner's objection that the PCRA petition was timely and that equitable tolling applies to Mr. Rahn's habeas petition.

This Court overrules Petitioner's objection that his state PCRA petition was timely.  The PCRA court and the Pennsylvania Superior Court dismissed the state petition for untimeliness, and this Court "shall presume as correct" a state court's determination of factual issues, pursuant to 28 U.S.C. § 2254(e)(1).  Petitioner has not shown clear and convincing evidence that this Court should reconsider the state court's factual determinations.  Id.  Although Petitioner objects to the state court's summary of the hearing testimony, the official transcripts of the evidentiary hearing were not included in the record.  This Court must rely on the PCRA court's summary of testimony and may not consider additional statements Mr. Rahn included in his Objections. Thus, this Court will not reexamine the state court's dismissal of the untimely PCRA petition.[7]

---

[7] Even if, as Petitioner alleges, the PCRA petition was timely filed within 60 days pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b)(2), the federal statute of limitations period in which to file a habeas petition had already expired in November, 2002.  Mr. Rahn initiated a PCRA petition after the federal statute of limitations had already expired.  Therefore, the PCRA application and the time during which it was pending in state court would not impact this Court's calculation of the federal one-year limitation period.

Moreover, this Court overrules Petitioner's objection that equitable tolling applies in this case because Petitioner has failed to meet the test of equitable tolling. Also, there is no authority to support Mr. Rahn's argument that the federal one-year limit violates the Suspension Clause.

There is no evidence of any extraordinary circumstance preventing Mr. Rahn from diligently filing a timely habeas petition. Petitioner contends that the "intentional" deletion of Mr. Davy's testimony was a state court interference preventing him from filing a habeas petition. However, the absence of a transcript of Mr. Davy's testimony in the record does not qualify as an "extraordinary circumstance" preventing timely filing. It is the responsibility of Mr. Rahn to ensure all necessary items were included for the state appellate court.[8] See Pa. R.A.P. 1926, 1931(b). This Court notes that "miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Brown v Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (quoting Fahy v Horn, 240 F.3d 239, 244 (3d Cir. 2001)). It is obvious that Judge Cronin did not find Mr. Davy's testimony relevant to his decision. This Court overrules Petitioner's objection that the absence of Mr. Davy's testimony is an extraordinary circumstance that prevented timely filing of the habeas petition.

In addition, this Court will not apply equitable tolling because Mr. Rahn has not shown he diligently attempted to file a timely habeas petition in this Court. Petitioner failed to exercise "due diligence in pursuing the matter under the specific circumstances he faced." Schlueter v Varner, 384 F.3d 69, 77 (3d Cir. 2004) (citations omitted). Mr. Rahn waited until October 2002 to first visit the Rockview law library, which is almost a year after his conviction was made

---

[8] Under Pa. R.A.P. 1931(b), the clerk of the lower court mails a copy of the list of record documents to all counsel, or if unrepresented by counsel, to the parties. Petitioner received a copy of the record considered by the court. Consequently, if "any difference arises as to whether the record truly discloses what occurred in the lower court" or if "anything material to either party is omitted from the record by error or accident or is misstated," the parties, the lower court, or the appellate court, on its own initiative may direct that the omission or mistake be corrected. Pa. R.A.P. 1926.

final. Between 2001 and 2005, Petitioner did not file any PCRA petition, and between 2001 and 2007 he did not pursue federal habeas relief. Although Petitioner repeatedly asserts that Mr. Davy's testimony would "prove his case" because his testimony showed no PCRA or habeas forms were available in the library, subjective facts regarding availability of the forms is not enough to show Mr. Rahn diligently pursued state and federal remedies in a timely manner.

This Court will not apply equitable tolling, making Mr. Rahn's habeas petition statutorily time-barred under 28 U.S.C. § 2244(d)(1).

    **2.    Even if this Court considers Petitioner's substantive objections to the R&R, Petitioner is not entitled to any habeas relief.**

        **a.    Law Library**

Petitioner contends the Magistrate Judge incorrectly agreed with the state court, which found the law library provided meaningful access to the courts. Mr. Rahn alleges the state court unreasonably applied federal law in its ruling. A federal court may grant habeas relief to a claim adjudicated in state court only if the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Mr. Rahn argues the state court's ruling is contrary to and an unreasonable application of federal law because the court "misinterpreted" Bounds v. Smith, 430 U.S. 817 (1977).

This Court finds the Petitioner's reliance on § 2254(d)(1) meritless. In Bounds, the U.S. Supreme Court held that prisons must offer adequate law libraries that provide meaningful access to the courts and enable prisoners to fairly present their complaints. Bounds v. Smith, 430 U.S. 817, 828 (1977). In the instant case, Rockview prison provides prisoners daily access to the law library to research and draft their petitions. (App. D to Respt's Answer). Petitioner gives little evidence of the law library's inadequacies. Mr. Rahn only states he was unable to find a "scribe" to write his petition after the deadline had already passed to file a post-conviction

-10-

petition. This Court concludes that the state court's ruling is consistent with and a reasonable application of federal law requiring prison libraries to provide meaningful access to the courts.

### b. Mr. Davy's testimony

This Court may not grant Petitioner's request for a hearing to investigate the state court's factual findings on this point. First, according to the PCRA Opinion in the record, the state court considered testimony from Mr. Rahn but not Mr. Davy, and the court found the PCRA petition untimely solely based on Mr. Rahn's testimony. (App. D to Respt's Answer). The state court's finding that the PCRA petition was untimely "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner failed to provide clear and convincing evidence to refute the state court's presumed correctness. Id.

Second, this Court will not look to Mr. Davy's testimony in consideration of the habeas petition because Mr. Rahn was required to, but did not, raise the issue in his state court appeal following dismissal of the PCRA petition. According to the record, after the evidentiary hearing was held, Mr. Rahn never raised the issue of including a transcript of Mr. Davy's testimony in the record.[9] Petitioner raised the issue for the first time in his Objections. The omission of transcripts does not compel this Court to investigate the state court's factual findings, as Mr. Rahn requests. Since the record shows Petitioner did not raise the issue of Mr. Davy's testimony in state appellate court, Mr. Rahn is procedurally barred from raising the objection here.

## V. Conclusion

For the foregoing reasons, Petitioner's Objections will be overruled, Magistrate Judge Scuderi's R&R will be adopted, and the Petition for Writ of Habeas Corpus will be dismissed.

An appropriate order follows.

---

[9] Mr. Rahn did not raise the issue of Mr. Davy's testimony in his Appellate Brief to the Pennsylvania Superior Court or in the Petition for Writ of Habeas.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID RAHN | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT TENNIS, et al., | : | No. 07-cv-3558 |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 23rd day of June, 2008, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of Magistrate Judge Scuderi and Petitioner David Rahn's Objections, it is hereby ORDERED that:

1. Petitioner's Objections (Doc. No. 11) are OVERRULED.

2. The Report and Recommendation (Doc. No. 7) is APPROVED and ADOPTED.

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is DENIED.

4. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ Michael M. Baylson

_____
Michael M. Baylson, U.S.D.J.

A:\07-3558 Rahn v. Tennis Memo.wpd